# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLEN TROGDON,

    *Petitioner*,

vs.

STATE OF NEVADA, et al.,

    *Respondents*.

2:15-cv-01157-APG-CWH

ORDER

    Petitioner, a Nevada prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. #1-1). Petitioner's application to proceed *in forma pauperis* (Dkt. #1) is granted. The court has reviewed the petition pursuant to the Rules Governing Habeas Cases, and the petition must be dismissed as unexhausted.

    A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

    Petitioner indicates on the face of his petition that he has a pending state habeas petition challenging the execution of the sentence that he seeks to attack here (*see, e.g.*, Dkt. #1-1, p. 13). Thus,

the present action will be dismissed without prejudice because the claims are unexhausted. Upon exhausting his claims, petitioner may file a new habeas petition pursuant to 28 U.S.C. § 2241 on the form required by this court in a new action with either the $5.00 filing fee or a completed application to proceed *in forma pauperis* on the proper form with both an inmate account statement for the past six months and a properly executed financial certificate.

Further, the court notes that petitioner has not named his custodian as a respondent. A petitioner must name as a respondent the officer who has current custody of petitioner–usually the warden of the prison. Failure to name the custodian as respondent deprives the court of personal jurisdiction. *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003).

Petitioner at all times remains responsible for properly exhausting his claims, for calculating the running of the federal limitation period as applied to his case, and for properly commencing a timely-filed federal habeas action.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (Dkt. #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a petition in a new action with either the $5.00 filing fee or a properly completed application form to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this unexhausted action without prejudice to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a Section 2241 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Dkt. #2) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

Dated this 13th day of October, 2015.

                                    _____
                                    UNITED STATES DISTRICT JUDGE